

**IT IS ORDERED as set forth below:**

Date: August 6, 2024

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 24-51980-pwb |
| FLORIST ATLANTA, INC., | : | |
| Debtor. | : | Chapter 11 |
| | : | |

**MEMORANDUM OPINION ON CONFIRMATION AND
TERMINATION OF APPOINTMENT OF SUBCHAPTER V TRUSTEE**

The Debtor seeks confirmation of its subchapter V plan, as modified, as a consensual plan under 11 U.S.C. § 1191(a). One of three impaired classes of creditors entitled to vote on the plan accepted it.[1] No other creditor objected to confirmation or voted on the plan. Counsel for the Small Business Administration, the Subchapter V Trustee, and counsel for the United States Trustee appeared at the confirmation hearing and had no objection to confirmation.

---

[1] One secured creditor in its own class accepted the plan. The Small Business Administration, also in its own class, did not vote. No one voted in the class of general unsecured creditors.

Although the plan is not confirmable under § 1191(a) because all impaired classes of creditors have not accepted it, the Court will confirm it under the "cramdown" provisions of 11 U.S.C. § 1191(b).  In addition, the Court will order that the Debtor make plan payments under 11 U.S.C. § 1194(b) and that the services of the Subchapter V Trustee terminate upon (1) substantial consummation of the plan (*i.e.,* when the Debtor commences payments under the plan) and (2) the Subchapter V Trustee's filing of the final report of administration of this case.

### I.  Confirmation

One condition for confirmation under § 1191(a) is compliance with the requirement of 11 U.S.C. § 1129(a)(8) that all classes of impaired claims or accept the plan.  The Debtor asserts two alternative theories to support § 1191(a) confirmation even though classes of impaired claims have not voted to accept it.[2]

First, the Debtor contends that, when no creditor in a class objects to confirmation or votes, that class is deemed to have accepted the plan.[3]  Under this argument, all classes of claims have accepted the plan.

Alternatively, the Debtor contends that, when no creditors in a class vote, that class is disregarded for purposes of determining whether § 1129(a)(8) is satisfied.[4]  The rationale is that 11 U.S.C. § 1126(c) requires determination of acceptance by dividing the number of acceptances by the total votes in the class.  When no creditor in an impaired class votes, the computation requires division of zero by zero, which produces an indeterminate result that is absurd and could

---

[2] This case is an example of what one court has rightly characterized as the "apathetic creditor problem." When creditors fail to vote, subchapter V debtors are required to utilize § 1191(b), "even if there are no votes against the plan and no objections to confirmation. " *In re DynoTec Industries, Inc.,* 2024 WL 2003065 *3 n.3 (Bankr. D. Minn. 2024).

[3] *E.g., In re Ruti-Sweetwater, Inc.,* 836 F.2d 1263, 1267-68 (10th Cir. 1988); *In re Jaramillo*, 2022 WL 4389292 (Bankr. D.N.M. 2022).

[4] *In re Hot'z Power Wash, Inc.*, 655 B.R. 107 (Bankr. S. D. Tex. 2023); *In re Franco's Paving LLC*, 654 B.R. 107, 110 (Bankr. S.D. Tex. 2023).

2

not have been intended by Congress. The conclusion is that, where no votes are cast and the resulting calculation produces an absurd result, the class should not be counted for purposes of § 1129(a)(8).

The Court declines to accept either of these theories and concludes, as most courts do, that acceptance for purposes of § 1129(a)(8) requires affirmative acceptance by the class.[5]

Because all impaired classes have not affirmatively accepted the plan as § 1129(a)(8) requires, the court cannot confirm the plan under § 1191(a).

The court determined at the confirmation hearing that the plan, as modified, satisfies all requirements for cramdown confirmation under § 1191(b). No one objected to § 1191(b) confirmation. The court will, therefore, confirm the plan under § 1191(b).

## II.  Payments to Creditors Under the Plan

Section 1194(b) of the Bankruptcy Code provides for the subchapter V trustee to make payments to creditors under a plan confirmed under § 1191(b) unless the plan or the order confirming the plan provides otherwise. The Debtor's plan provides for the Debtor to make plan payments.

No one at the confirmation hearing objected to inclusion in the confirmation order of a provision for the Debtor, rather than the Subchapter V Trustee, to make payments under the plan. Accordingly, the confirmation order will provide for the Debtor to make payments to creditors under the plan.

---

[5] *E.g., In re M.V.J. Auto World, Inc.,* 2024 WL 3153327 (Bankr. S.D. Fla. 2024); *In re Creason,* 2023 WL 2190623 (Bankr. W.D. Mich. 2023); *see* COLLIER ON BANKRUPTCY ¶¶ 1126.04, 1129.02[8], 1191.02.

### III. Termination of Subchapter V Trustee's Services

When the Debtor makes its first payment under the plan, substantial consummation of the plan will occur under 11 U.S.C. § 1102(1).[6] When a debtor is to make plan payments after substantial consummation of a plan confirmed under § 1191(b), the only postconfirmation duties of a subchapter V trustee are: (1) to make a final report and file a final account of the administration of the estate;[7] (2) to file postconfirmation reports as are necessary or as the court orders;[8] (3) to appear and be heard at any hearing that concerns postconfirmation modification of a plan[9] or the sale of property of the estate;[10] and (4) to perform certain duties if the debtor is removed as debtor in possession.[11]

The Debtor's plan does not contemplate that the Subchapter V Trustee perform any duties after its substantial consummation, and no one has requested that the Trustee file any postconfirmation reports. Parties at the confirmation hearing agreed that no need exists in this case for the Subchapter V Trustee to provide any postconfirmation services.

Because the Debtor will make plan payments in this case, the Subchapter V Trustee will have nothing to do after filing the final report, subject to the possible occurrence of future events that would require trustee services. In these circumstances, it is appropriate to consider

---

[6] "Substantial consummation" under § 1101(2) also requires: (1) transfer of all or substantially all of the property proposed to be transferred, § 1101(2)(A), and (2) assumption by the debtor or the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan. § 1101(2)(B). The plan does not provide for transfer of any property, and the Debtor will manage and operate the business under the plan.
[7] 11 U.S.C. § 1183(b)(1), incorporating 11 U.S.C. § 704(a)(7).
[8] 11 U.S.C. § 1183(b)(2), incorporating 11 U.S.C. § 1106(a)(7). The subchapter V trustee must perform this duty only if the court, for cause and on request of a party in interest, requires it. The duties in § 1106(a)(3) and (4) that § 1183(b)(2) also references generally contemplate preconfirmation investigation and reporting.
[9] 11 U.S.C. § 1183(a)(3)(C).
[10] 11 U.S.C. § 1183(a)(3)(D).
[11] 11 U.S.C. § 1183(a)(5).

termination of the Subchapter V Trustee's services upon substantial consummation and the filing of the Trustee's final report.

Section 1183(c)(1) of the Bankruptcy Code provides for termination of the service of a subchapter V trustee upon substantial consummation of a consensual plan confirmed under § 1191(a).  Subchapter V has no provision for termination of a subchapter V trustee's services after cramdown confirmation under § 1191(b).  But nothing in subchapter V limits the court's authority to similarly terminate the services of a trustee upon substantial consummation of a cramdown plan confirmed under § 1191(b) when a subchapter V trustee will not be making payments to creditors and will have no postconfirmation duties to perform.  None of the parties at the confirmation hearing objected to such termination of the Subchapter V Trustee's services in this case.

In these circumstances, it is appropriate for the Court to order the termination of the services of the Subchapter V Trustee upon substantial consummation of the plan (which will occur when the debtor commences plan payments) and the filing of the Subchapter V Trustee's final report.[12]  *See In re DynoTec Industries, Inc.,* 2024 WL 2003065 (Bankr. D. Minn. 2024).

The Court recognizes that the services of a subchapter V trustee will be necessary if the Debtor seeks postconfirmation modification of the plan, wants to sell property of the estate, or is removed from possession due to postconfirmation default.[13]  The termination of the trustee's services, therefore, will be without prejudice to the reappointment of the Subchapter V Trustee (or another subchapter V trustee, if appropriate) if any of these potential events occurs.

---

[12] 11 U.S.C. § 1183(b)(1), incorporating 11 U.S.C. § 704(a)(7).
[13] 11 U.S.C. § 1185(a).

5

It is, therefore, hereby **Ordered** as follows:

1. The Court will enter a separate order confirming the Debtor's plan, as modified, under 11 U.S.C. § 1191(b). The confirmation order will provide for the Debtor, rather than the Subchapter V Trustee, to make payments to creditors under the plan.

2. Within 14 days of substantial consummation of the plan, the Debtor shall file, and serve on the United States Trustee, the Subchapter V Trustee, and counsel for the Small Business Administration, a report of substantial consummation and a motion for termination of the services of the Subchapter V Trustee.

3. Within 14 days after the filing of the Debtor's report of substantial consummation, the Subchapter V Trustee shall file the final report that 11 U.S.C. § 1183(b)(1) (incorporating 11 U.S.C. § 704(a)(9)) requires.

4. Counsel for the Debtor shall (1) schedule a hearing on the motion for termination of the Trustee's services in accordance with the Court's self-calendaring procedures for a time not earlier than 21 days after filing of its report of substantial consummation and such motion; and (2) serve notice of such hearing on all parties in interest in this case.

**[End of Order]**

Distribution List

The Clerk is directed to serve a copy of this Order on the Debtor, the United States Trustee, the Subchapter V Trustee, counsel for the Small Business Administration, and all creditors in this case.